**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALISON SCULLY, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:21-cv-10791-PAC |
| Plaintiff, | |
| v. | |
| GOLDMAN SACHS GROUP INC. and MORGAN STANLEY, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DR. JEFFREY WACHTEL'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL**

## <u>TABLE OF CONTENTS</u>

I.     FACTUAL BACKGROUND ............................................................................................2

II.    ARGUMENT ..............................................................................................................3

    A.    Movant Is the Presumptive Lead Plaintiff and Should Be Appointed Lead
         Plaintiff ...................................................................................................3

         1.    Movant Filed a Timely Motion............................................................4

         2.    Movant Has the Largest Financial Interest .................................................4

         3.    Movant Satisfies the Relevant Requirements of Rule 23 .........................5

             a.    Movant's Claims Are Typical........................................................6

             b.    Movant Is an Adequate Representative ...........................................6

             c.    The Court Should Approve Movant's Choice of Counsel..............7

III.    CONCLUSION........................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*,
269 F.R.D. 291 (S.D.N.Y. 2010) ...........................................................................5, 6

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)........................................................................................7

*In re eSpeed, Inc. Sec. Litig.*,
232 F.R.D. 95 (S.D.N.Y. 2005) ..................................................................................5

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
No. 1:08-cv-7281, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) .......................5, 6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008)......................................................................4, 5

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
No. 10-CV-00864, 2011 WL 3511057 (E.D.N.Y. May 31, 2011) ............................6

**Statutes, Rules, and Regulations**

15 U.S.C.
§78u-4(a)(3)(A)(i) ......................................................................................................4
§78u-4(a)(3)(B) ..........................................................................................................3
§78u-4(a)(3)(B)(iii) ....................................................................................................4
§78u-4(a)(3)(B)(iii)(I) ................................................................................................3
§78u-4(a)(3)(B)(iii)(I)(cc) ..........................................................................................5
§78u-4(a)(3)(B)(iii)(II) ...............................................................................................3
§78u-4(a)(3)(B)(iii)(II)(aa) .........................................................................................7
§78u-4(a)(3)(B)(iii)(aa) ..............................................................................................4
§78u-4(a)(3)(B)(v) ......................................................................................................7

Federal Rules of Civil Procedure
Rule 23 ................................................................................................. *passim*
Rule 23(a)................................................................................................5, 6

Movant Dr. Jeffrey Wachtel ("Wachtel" or "Movant") respectfully submits this memorandum of law in support of his motion for appointment as Lead Plaintiff, and approval of his selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") and Hedin Hall LLP as Co-Lead Counsel (the "Motion"), pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.*

The above-captioned securities class action is brought on behalf of purchasers or acquirers of American Depositary Receipts ("ADRs") of Baidu Inc. ("Baidu" or the "Company") between March 22, 2021 and March 29, 2021, inclusive, and brought against defendants Goldman Sachs Group Inc. ("Goldman Sachs") and Morgan Stanley.  According to the complaint, Goldman Sachs and Morgan Stanley collectively avoided billions of dollars in losses when they sold Baidu stock on confidential information, at the expense of the Class.  Pursuant to the PSLRA, the movant with the largest financial interest in the relief sought by the Class, who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), is presumed to be the "most adequate" plaintiff – *i.e.*, the plaintiff most capable of adequately representing the interests of class members.  The PSLRA provides that a court shall appoint the most adequate movant as lead plaintiff.  Wachtel is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the financial losses he suffered as a result of Defendants' wrongful conduct.  Moreover, Movant satisfies the relevant requirements of Rule 23, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class.  In addition, Movant's selection of Scott+Scott and Hedin Hall as Co-Lead Counsel should be approved because both firms have substantial expertise in securities class action litigation and the experience and resources to prosecute this action efficiently and effectively.

## I.   FACTUAL BACKGROUND[1]

Baidu is a Chinese multinational technology company specializing in Internet-related services and products and artificial intelligence entertainment service in China.  ¶1.  Its American Depositary Receipts ("ADRs" or "shares") trade publicly in the U.S. on the NASDAQ under the ticker BIDU.  In March 2021, Defendants Goldman Sachs and Morgan Stanley unlawfully used material non-public information to avoid billions in losses by selling shares of Baidu to unsuspecting and unwitting public shareholders.   ¶¶3-4.   This occurred after defendants confidentially learned that Archegos Capital Management ("Archegos"), a family office with $10 billion under management, failed (or was likely to fail) to meet a margin call, requiring it to fully liquidate its position in Baidu.  ¶1.  According to subsequent media reports, Defendants Goldman Sachs and Morgan Stanley — both of which had allowed Archegos to take on billions of dollars of exposure to volatile equities through "total return swaps," or contracts allowing Archegos to bet on stock price moves with high levels of leverage and without posting significant funds up front — unloaded large block trades consisting of shares of Archegos' doomed bets, including billions worth of Baidu securities.  ¶32.  This sent Baidu's stock into a complete tailspin and caused investors who bought during that time significant damages.  ¶3.

This securities class action, filed by Scott+Scott and Hedin Hall, seeks to hold Defendants accountable for the damage they caused Baidu investors by trading while in possession of the material, non-public information.

---

[1]     Citations to "¶__" are to paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws filed on December 16, 2021 (ECF No. 1).  Unless otherwise defined, capitalized terms shall have the same meanings as those set forth in the Complaint.  The facts set forth in the Complaint are incorporated herein by reference.

## II.    ARGUMENT

### A.    Movant Is the Presumptive Lead Plaintiff and Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the court decides any pending motion to consolidate.  15 U.S.C. §78u-4(a)(3)(B).  The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the class member that:

    (aa)    has either filed the complaint or made a motion in response to a notice;

    (bb)    in the determination of the Court, has the largest financial interest in the relief sought by the class; and

    (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

The presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff":

    (aa)    will not fairly and adequately protect the interests of the class; or

    (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

*See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and has complied with all the PSLRA's requirements to be appointed lead plaintiff.  Movant has, to the best of his knowledge, the largest financial interest in the action.  Movant also meets the relevant requirements of Rule 23.  In addition, Movant is not aware of any unique defenses that Defendants could raise against

him that would render him inadequate to represent the Class.  Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff.  *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Movant Filed a Timely Motion

On December 16, 2021, pursuant to 15 U.S.C. §78u-4(a)(3)(A)(i), counsel for plaintiff Scott+Scott Attorneys at Law LLP, published a notice via *Globe Newswire* – a widely circulated national business-oriented wire service – announcing that the action had been filed and advising investors that they had 60 days to file a motion to be appointed as lead plaintiff (the "Notice"). *See* Laughlin Decl., Ex. 1.

Movant timely filed his motion within the 60-day period following publication of the Notice and he has submitted herewith a sworn certification attesting that it his willing to serve as a representative of the Class and providing the details of his Baidu transactions.  *See* Laughlin Decl., Ex. 2.  By making a timely motion in response to the Notice, Movant satisfies the first PSLRA requirement to be appointed as Lead Plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(aa).

### 2.    Movant Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is [the movant with] the largest financial interest in the relief sought by the class[.]" 15 U.S.C. §78u-4(a)(3)(B)(iii).  Movant believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and, accordingly, he should be presumed to be the "most adequate plaintiff."

Based on the information presently available, Wachtel's loss of approximately $215,000 makes him the movant with the largest financial interest in the relief sought in this litigation.  *See* Laughlin Decl., Ex. 4.  Given that Movant has the largest financial interest in this litigation and,

as discussed below, he satisfies all of the PSLRA prerequisites for appointment as lead plaintiff, he should be appointed Lead Plaintiff.  *See Varghese*, 589 F. Supp. 2d at 396.

### 3.    Movant Satisfies the Relevant Requirements of Rule 23

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

(1)    the class is so numerous that joinder of all members is impracticable;

(2)    there are questions of law or fact common to the class;

(3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, "'typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination.'"  *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010) (brackets in original).  At the lead plaintiff stage of the litigation, Movant only needs to make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements.  *Id*. at 296-97 (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-cv-7281, 2008 WL 4974839, at *4-5 (S.D.N.Y. Nov. 24, 2008).  Movant easily satisfies these requirements and is an individual investor with experience acting as a class representative in securities class actions.  *See* Laughlin Decl., Ex. 3.

### a.      Movant's Claims Are Typical

Rule 23(a)'s typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants violated federal securities laws when they traded on material nonpublic information. Movant, like all members of the Class, purchased Baidu ADRs during the Class Period, contemporaneous with Defendants' wrongdoing, and was damaged thereby. *See Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-CV-00864, 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.      Movant Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Monroe*, 269 F.R.D. at 297. Movant has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute these actions. *See* Laughlin Decl., Exs. 5 & 6. Movant is not aware of any conflict that exists between his claims and those asserted on behalf of the Class. Movant has also demonstrated his adequacy with a declaration and proof of assignment. *See* Laughlin Decl., Exs. 3-4.

Accordingly, because he has the largest financial interest in these actions and he has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23, Movant should be appointed as Lead Plaintiff.

### c.    The Court Should Approve Movant's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 274 (3d Cir. 2001). As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class[.]" 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *Cendant*, 264 F.3d at 276.

Movant has selected the law firms of Scott+Scott and Hedin Hall to represent the Class. Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation. *See* Laughlin Decl., Ex. 5. Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[2] Scott+Scott's efforts have not gone unnoticed by the courts. For instance, in *Cornwell v. Credit Suisse Grp.*, No. 08-

---

[2]    Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *Mustafin v. GreenSky, Inc.*, No. 1:18-cv-11071 (S.D.N.Y.) ($27.5 million); *In re Evoqua Water Techs. Corp. Sec. Litig.*, No. 1:18-cv-10320 (S.D.N.Y.) ($16.65 million); *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million).

cv-03758, 2011 WL 13263367, at *2 (S.D.N.Y. July 20, 2011), a case in which Scott+Scott served as co-lead counsel and recovered $70 million for the class, the Court stated:

> Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case. Based upon Lead Plaintiffs' counsel's diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate a very favorable result for the Settlement Class. Lead Plaintiffs' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists. (*Id.*)

Scott+Scott currently serves as court-appointed lead or co-lead counsel in various federal securities class actions, including: *Jochims v. Oatly Group AB*, No. 21-cv-6360 (S.D.N.Y.); *Garnett v. Wang [RLX Technology, Inc.]*, No. 21-cv-5125 (S.D.N.Y.); *Marechal v. Acadia Pharmaceuticals Inc.*, No. 3:21-cv-762 (S.D. Cal.); *Gupta v. Athenex, Inc.*, No. 21-cv-337 (W.D.N.Y.); *Abadilla v. Precigen, Inc.*, No. 5:20-cv-06936 (N.D. Cal.); *Blake v. MacroGenics, Inc.*, No. 8:19-cv-2713 (D. Md.); *Kanugonda v. Funko, Inc.*, No. 2:18-cv-00812 (W.D. Wash.); *Corwin v. ViewRay, Inc.*, No. 1:19-cv-2115 (N.D. Ohio); *Silverberg v. DryShips Inc.*, No. 2:17-cv-04547 (E.D.N.Y.); and *Robinson v. Diana Containerships Inc.*, No. 2:17-cv-06160 (E.D.N.Y.).

Hedin Hall is also experienced leading securities class actions. *See* Laughlin Decl., Ex. 6. Hedin Hall has successfully litigated and resolved numerous class actions under the federal securities law in state and federal courts nationwide, including before courts here in New York. *See, e.g.*, *Plymouth Cty. Ret. Sys. v. Impinj, Inc.*, Index No. 650629/2019 (N.Y. Sup. Ct., N.Y. Cnty.) ($20 million aggregate recovery as co-lead counsel); *Plutte v. Sea Ltd.*, Index No. 655436/2018 (N.Y. Sup. Ct., N.Y. Cnty.) ($10.75 million settlement for plaintiff class asserting Securities Act claims); *In re EverQuote, Inc. Sec. Litig.*, Index No. 650907/2019 (N.Y. Sup. Ct., N.Y. Cnty.) ($4.75 million settlement for plaintiff class of investors asserting Securities Act claims).

Furthermore, Scott+Scott and Hedin Hall have experience working together and they initiated this case by working together to file the Complaint.

In light of the foregoing, the Court should approve Movant's selection of Scott+Scott and Hedin Hall as Co-Lead Counsel.  The Court can be assured that by approving Movant's choice of counsel, the putative Class will receive the highest caliber of representation.

## III.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant its Motion and enter an Order: (1) appointing Movant as Lead Plaintiff; and (2) approving his selection of Scott+Scott and Hedin Hall to serve as Co-Lead Counsel.

DATED:  February 14, 2022                    **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV
Rhiana L. Swartz
Jonathan M. Zimmerman
(*pro hac vice* forthcoming)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY  10169
Telephone: 212-223-6444
Facsimile:  212-223-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com
jzimmerman@scott-scott.com

**HEDIN HALL LLP**
David W. Hall (*pro hac vice* forthcoming)
Armen Zohrabian (*pro hac vice* forthcoming)
Arun Ravindran (*pro hac vice* forthcoming)
Four Embarcadero Center, Suite 1400
San Francisco, CA  94104
Telephone: 415-766-3534
Facsimile:  415-402-0058
dhall@hedinhall.com
azohrabian@hedinhall.com
aravindran@hedinhall.com

*Counsel for Proposed Lead Plaintiff Dr. Jeffrey Wachtel and Proposed Co-Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian J. Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
Facsimile:  310-388-0192
brian@schallfirm.com

*Additional Counsel for Dr. Jeffrey Wachtel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 14, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

 *s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV
