# EXHIBIT 1

**COMPOSITION OF THE COORDINATED LEADERSHIP STRUCTURE**

**Co-Chairs of Executive Committee and Coordinating Counsel**

Thomas L. Laughlin IV [Scott+Scott] and David W. Hall [Hedin Hall]

**Executive Committee**

1. David W. Hall [Hedin Hall]
2. Jeremy Lieberman [Pomerantz]
3. Thomas Laughlin [Scott+Scott]
4. Brian Schall [The Schall Law Firm]
5. Michael Dell'Angelo [Berger Montague]
6. Michael Fistel [Johnson Fistel]
7. Daniel Berger [Grant & Eisenhofer]

| Roles | Attorney |
|---|---|
| Law and Briefing Counsel | David Hall [Hedin Hall] |
| Offensive Discovery and ESI Counsel | Jeremy Lieberman [Pomerantz] |
| Defensive Discovery Counsel | Brian Schall [The Schall Law Firm] |
| Third-Party Discovery Counsel | Michael Dell'Angelo [Berger Montague] |
| Experts Counsel | Michael Fistel [Johnson Fistel] & Daniel Berger [Grant & Eisenhofer] |
| Settlement Counsel | Jeremy Lieberman [Pomerantz] |
| Head of the Viacom Track | Jeremy Lieberman [Pomerantz] |
| Head of the Tencent Track | Jeremy Lieberman [Pomerantz] |
| Head of the Baidu Track | David Hall [Hedin Hall] |
| Head of the IQiyi Track | Thomas L. Laughlin, IV [Scott+Scott] |
| Head of the Discovery Track | Daniel Berger [Grant & Eisenhofer] |
| Head of the VipShop Track | Michael Fistel [Johnson Fistel] |
| Head of the Gaotu Track | Michael Dell'Angelo [Berger Montague] |

**A.      Responsibilities of Coordinating Counsel and Executive Committee**

**a.      Coordinating Counsel and Chair of Executive Committee**

**i.      Role of the Coordinating Counsel and Co-Chairs of Executive Committee**

Coordinating Counsel and Co-Chairs of Executive Committee ("Coordinating Counsel")

shall be responsible for determining the litigation strategy on behalf of all Plaintiffs, and for the

conduct of all litigation efforts on behalf of the Plaintiff classes.  Coordinating Counsel will consult

and attempt to reach consensus with the Executive Committee regarding major decisions.   To the extent that disagreements arise as to the direction of the case, and Coordinating Counsel and individual members of the Executive Committee cannot reach agreement, Coordinating Counsel shall have final decision-making authority.  However, decisions of the Coordinating Counsel can be overruled by a majority vote of the Executive Committee.

Coordinating Counsel shall promote the orderly and efficient conduct of this litigation and avoid unnecessary duplication and unproductive efforts; act as spokesperson (either personally or by designee) for the Plaintiff classes at pretrial conferences; and delegate work responsibilities to the Executive Committee.  Coordinating Counsel shall have authority to enter into stipulations (either personally or by designee) necessary for the conduct of the litigation with opposing counsel. No request for discovery, or other pretrial proceedings shall be initiated or filed, and no motion or response to any motion shall be filed by any plaintiff, except through Coordinating Counsel.

Coordinating Counsel shall delegate work responsibilities to members of the Executive Committee and other Plaintiffs' counsel in a fair and orderly manner.  Coordinating Counsel shall also monitor the activities of all the Executive Committee to assure that pretrial preparation is conducted effectively, efficiently, and economically; that schedules are met; and that unnecessary expenditures of time and expense are avoided.

Coordinating Counsel shall be available and responsible for communications to and from this Court, including distributing orders and other directions from the Court to counsel, and for providing the local rules, standing orders, and guidelines of the U.S. District Court for the Southern District of New York, and any other judge's rules and standing orders of the Court, to counsel as required by applicable Court rules.  Coordinating Counsel shall be responsible for ensuring that any updates and changes to the local rules, standing orders, and guidelines of this District or the

2

Court are timely communicated to counsel as needed, working with the Executive Committee member(s) where it is appropriate and relevant to their responsibilities.

Coordinating Counsel shall be responsible for creating and maintaining a master service list of all parties and their respective counsel, and shall promptly advise the Court and Defendants' counsel of changes to Plaintiffs' Service List.  Coordinating Counsel shall be responsible for distributing to counsel, as appropriate, Orders, notices, and correspondence from the Court, to the extent such documents are not electronically filed; and discovery, pleadings, correspondence, and other documents from Defendants' counsel that are not electronically filed.

Coordinated Counsel will also collect time from the counsel working on this matter on a quarterly basis.

### B.  Executive Committee

The Executive Committee shall be comprised of seven members.  Each member of the Executive Committee shall have a distinct role in litigating the case.

### i.    Law and Briefing Counsel

Law and Briefing Counsel shall be responsible for coordinating the research and preparation of all pleadings and motions, including the Coordinated Complaint and anticipated Motion to Dismiss that complaint, as well as the preparation of oral arguments at any hearings. Law and Briefing Counsel shall also direct factual investigation.  Unless otherwise decided by the Executive Committee, Law and Briefing Counsel shall argue the anticipated Motion to Dismiss the Coordinated Complaint.  Law and Briefing Counsel shall endeavor to provide drafts of pleadings and motions to the Executive Committee at least one week prior to the deadline of any filing.  Law and Briefing Counsel will consider input from the Executive Committee in the prosecution of these responsibilities.

### ii.      Offensive Discovery and ESI Counsel

Offensive Discovery and ESI Counsel shall be responsible for coordinating all discovery propounded on behalf of the Lead Plaintiffs and the Classes consistent with the requirements of the Federal Rules of Civil Procedure, including the pursuit of information, Rule 26 initial disclosure negotiation, interrogatories, requests for production of documents, requests for admissions, depositions, and any motion practice related thereto.  Offensive Discovery and ESI Counsel shall also be responsible for coordinating ESI practices in this case, including negotiations with Defendants concerning an e-discovery plan, developing an ESI protocol for this case, and ensuring that appropriate protective orders are in place to guard against any release of proprietary, confidential, or personal ESI.  Offensive Discovery and ESI Counsel will assess ESI needs and issues, implement appropriate ESI preservation procedures, identify custodians of potentially relevant ESI, and develop search terms for data searches.  Offensive Discovery and ESI Counsel will also handle ESI processing tasks and shall ensure that responsive ESI is collected and produced in a cost-effective manner that preserves the integrity of that ESI and enables counsel to recognize and appropriately deal with evidentiary issues associated with the admissibility of electronically generated and stored evidence.  Offensive Discovery and ESI Counsel will consider input from the Executive Committee in the prosecution of these responsibilities.

### iii.      Defensive Discovery Counsel

Defensive Discovery Counsel shall be responsible for coordinating all discovery obligations of Lead Plaintiffs and the Classes consistent with the requirements of the Federal Rules of Civil Procedure, including the preservation of information, Rule 26 initial disclosures, responses to interrogatories, requests for production of documents, and request for admissions, and examination at depositions, as well as any motion practice related thereto. Defensive Discovery

Counsel will consider input from the Executive Committee in the prosecution of these responsibilities.

### iv.    Experts Counsel

Experts Counsel shall be responsible for coordinating all expert discovery, both offensive and defensive, on behalf of Lead Plaintiffs and the Classes, related to all claims against Defendants that may require expert evidence to support them. Experts Counsel shall be responsible for obtaining and vetting experts, for overseeing the preparation of reports, and coordinating and taking and defending depositions of experts.  Experts Counsel will consider input from the Executive Committee in the prosecution of these responsibilities.

### v.    Third Party Discovery Counsel

Third Party Discovery Counsel shall be responsible for coordinating all third-party investigation and discovery propounded by or on behalf of the Lead Plaintiffs and the Classes consistent with the requirements of the Federal Rules of Civil Procedure, including the pursuit of information, subpoenas and attendant schedules or requests for production of documents, extraterritorial discovery efforts, depositions, and any motion practice related thereto.  Third Party Discovery Counsel shall also be responsible for coordinating ESI practices with any such third parties, including negotiations with third parties concerning an e-discovery plan, developing an ESI protocol, and ensuring that appropriate protective orders are in place to guard against any release of proprietary, confidential, or personal ESI.  Third Party Discovery Counsel will assess ESI needs and issues, implement appropriate ESI preservation procedures, identify custodians of potentially relevant ESI, and develop search terms for data searches related to third-party discovery efforts.  Third Party Discovery Counsel will also handle ESI processing tasks of third-party discovery and shall ensure that responsive ESI is collected and produced in a cost-effective manner

5

that preserves the integrity of that ESI and enables counsel to recognize and appropriately deal with evidentiary issues associated with the admissibility of electronically generated and stored evidence. Except, however, whenever feasible, Third Party Discovery Counsel shall use best efforts to avoid duplication and, in the first instance, seek to apply the ESI practices developed and implemented by Offensive Discovery and ESI Counsel as well as other reasonably related stipulations or Orders in the coordinated actions such as those governing the treatment of Confidential information, as necessary. Third Party Discovery Counsel will consider input from the Executive Committee in the prosecution of these responsibilities.

### v.    Settlement Counsel

Settlement Counsel shall be responsible for coordinating efforts relating to relief, including both monetary and injunctive relief. Settlement Counsel's responsibilities shall include coordinating all settlement-related issues raised in discovery, expert disclosures, motions or trial, Settlement Counsel will consider input from the Executive Committee in the prosecution of these responsibilities. Notwithstanding the foregoing, the lead plaintiffs and counsel appointed to lead the respective issuer classes shall have the responsibility to negotiate with defendants concerning settlement and relief of their individual actions and class and will retain authority to settle their respective individual actions.

### vi.    Individual Case Tracks

The heads of the seven individual case tracks shall be responsible for developing case specific factual issues and working on case specific legal and strategy questions. For example, the individual case track heads will consider whether any case specific allegations should be added to the omnibus amended complaint. The individual case track heads also will consider whether any case specific document requests should be issued and whether there are any case specific issues

6

that require expert attention. Finally, the individual track heads will monitor for any irreconcilable conflicts that may require court intervention.

### C. Decision Making Process

Coordinating Counsel shall be responsible for informing the Executive Committee of all case developments and deadlines. In the normal course, final decision-making authority other than with respect to settlement or resolution of any individual action rests with the Coordinating Counsel. However, the Executive Committee may override decisions of the Coordinating Counsel by majority vote.

### D. Attorney Biographies

Firm biographies for the proposed Lead Counsel and proposed members of the Executive Committee are submitted herewith as Exhibits 5-12 of the Declaration of Thomas L. Laughlin, IV.

### E. Proposed Coordinated Case Schedule

    a.   Motion to Lift PSLRA Discovery Stay

Coordinating Counsel plans to file a motion to lift the PSLRA discovery stay as soon as possible after the decision is made on lead plaintiffs and the coordinated counsel structure. The stay should be lifted because, inter alia, there are multiple media reports of certain financial institutions looking to make quick settlements with Archegos Capital Management related to the events discussed in the complaints, and such settlement(s) could keep some details outside the scope of public disclosure, which would harm the classes.

    b.   Omnibus Coordinated Complaint to be filed sixty (60) days from the Order on Leadership

    c.   Omnibus Motion to Dismiss to be filed approximately sixty (60) days from the Coordinated Complaint (anticipate requesting expanded page limit)

7

d.  Omnibus Opposition Brief to be filed approximately sixty (60) days from service of the Motion to Dismiss Brief (briefing schedule to be agreed-to with Defendants)

e.  Omnibus Reply to be filed approximately thirty (30) days from service of the Opposition Brief.